ON REHEARING
Before AYRES, BOLIN, PRICE, HEARD and HALL, JJ.
HEARD, Judge.
No useful purpose would be served to reiterate the facts of this case as they have been sufficiently set forth in our original opinion.
Plaintiff, Arkansas Louisiana Gas Company, in its application for rehearing, sets forth two specifications of error for a rehearing and it was granted to consider the whole case and particularly the grounds set forth in the application. They are: (1) that the Court of Appeal permitted the unsupported opinion of defendant’s witness Pierce to become the basis of an award of $1,000 per acre, even though the average price per acre of land acquired for subdivisions developed by defendants’ witnesses including Pierce, was only one-third of that amount, or $343 per acre; and (2) that the Court is inconsistent in finding that the landowners are entitled to the full value of the property taken when a portion of the servitude taken overlapped an existing right of way and that approximately half of the new right of way is within the existing easement owned by United Gas Pipeline Company.
In considering the first ground set forth, we found from the evidence that there were four appraisers presented to the trial court: two appraisers for plaintiff, Walter Hunter and Frank Grigsby, and two appraisers for defendant, A. A. Pierce and S. W. Cul-pepper.
*593 In our original opinion we evaluated all of the testimony of the four appraisers and found no manifest error in the trial court’s judgment fixing the value of the land at $1,000 per acre. After reconsidering this testimony on rehearing we fail to find any error in our original opinion.
In its second ground set forth in the application for rehearing, plaintiff sets forth that the landowners are not entitled to full value of the property taken when a portion of the servitude taken overlaps an existing right of way of the United Gas Pipeline Company.
After considering all of the testimony in this case this court fails to find any overlapping with any degree of certainty and no testimony from any witness fixing its value. The witness, Walter Hunter, testified about an overlap but failed to state with any degree of certainty, its width or its length or its value. In his testimony he stated that he obtained his information from a map identified as Exhibit 1. From our examination of this map we fail to find any evidence that can be identified as an overlap.
After a thorough review of the case we fail to find any evidence to justify changing our original opinion.
For the foregoing reasons our original opinion is reinstated and made the final judgment of this court.
HALL, J., dissents with written reasons.
PRICE, J., dissents for the reasons assigned by HALL, J.